```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

MONROY ESAU RAMOS MENDEZ,              :

                    Plaintiff,         :
                                            17 Civ. 4969 (ALC)(HBP)
     -against-                         :
                                            REPORT AND
94th STREET PIZZERIA CORP.,            :    RECOMMENDATION
d/b/a "Famous Original Ray's
Pizza," et al.,                        :

                    Defendants.        :

---------------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE ANDREW L. CARTER, JR., United States District Judge,

I held a settlement conference in this matter on March 14, 2019. A settlement was reached at the conference, and this matter is now before the Court on plaintiff's application to approve the parties' settlement (Letter of Michael Faillace, Esq., to the undersigned, dated July 9, 2019 (Docket Item ("D.I.") 35) ("Faillace Letter")). For the reasons set forth below, I respectfully recommend that the parties' settlement be rejected with leave to resubmit within 14 days.

Plaintiff alleges that he worked as a delivery worker for defendants from June 2011 until June 2015, as a counter

attendant from June 2015 until January 2016 and as a cook from January 2016 until April 14, 2017 (Complaint, dated June 30, 2017 (D.I. 1) ("Compl.") ¶¶ 67-69).  Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL"), claiming that defendants failed to pay him the required minimum wage, overtime premium and spread-of-hours pay and failed to provide him with wage notices and wage statements (Compl. ¶¶ 104-37).  According to plaintiff, defendants owe him approximately $71,551.88 in back wages, and plaintiff's total damages are approximately $316,059.22 (Faillace Letter at 2).

        Defendants deny all of plaintiff's claims and maintain that plaintiff worked fewer hours than he claimed.  Defendants contend that their witnesses would undermine plaintiff's claims with respect to the number of hours he worked (Faillace Letter at 2).

        As noted above, I held a settlement conference in this matter on March 14, 2019.  After a discussion of the strengths and weaknesses of the parties' respective positions, I made a mediator's proposal that the matter settle for the total sum of $40,000.00, with defendants to execute confessions of judgment.  The parties agreed to the material terms of the settlement, and plaintiff submitted the proposed settlement agreement for ap-

2

proval on July 9, 2019 (Settlement Agreement and Release, annexed to Faillace Letter (D.I. 35-1) ("Settlement Agreement")). The Settlement Agreement provides that the $40,000.00 is to be paid in installments every 30 days starting 30 days after the Court's approval of the Settlement Agreement, with an initial payment of $5,000.00, four subsequent payments of $5,833.33, a sixth payment of $5,833.35 and a final payment of $5,833.33 (Settlement Agreement ¶ 1).

> Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman,

3

United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(internal quotation marks omitted).  Although this settlement satisfies four of the five criteria, for the reasons set forth below, I cannot recommend that the Court approve the settlement.

First, the settlement will entirely avoid the expense and aggravation of litigation.  Because the action settled prior to the completion of discovery, the parties will be able to avoid the ongoing expense of exchanging documents and taking depositions.

Second, the settlement will enable the parties to avoid the risk of litigation.  As noted above, there is a significant dispute over how many hours plaintiff worked for defendants.  Given this factual dispute, both parties avoid the risk associated with the resolution of this case through further litigation.

4

Third, because I presided over the settlement confer- ence that immediately preceded plaintiff's acceptance of the settlement, I know that the settlement is the product of arm's- length bargaining between experienced counsel. As noted above, the final settlement terms were suggested by the undersigned.

Fourth, there are no factors here that suggest the existence of fraud. The fact that I suggested the settlement terms conclusively negates the possibility of fraud or collusion.

Plaintiffs agree to a release of defendants limited to wage-and-hour claims (Settlement Agreement ¶ 2). I find this release permissible because it is narrowly tailored to wage-and-hour issues. See Redwood v. Cassway Contracting Corp., supra, 2017 WL 4764486 at *3 (release of defendants "from any and all wage and hour and/or notice claims" that could have been brought permissible "because it is limited to claims relating to wage and hour issues"); Yunda v. SAFI-G, Inc., 15 Civ. 8861 (HBP), 2017 WL 1608898 at *3 (S.D.N.Y. Apr. 28, 2017) (Pitman, M.J.) (release that is "limited to claims arising under the FLSA" permissible); see also Santos v. Yellowstone Props., Inc., 15 Civ. 3986 (PAE), 2016 WL 2757427 at *1, *3 (S.D.N.Y. May 10, 2016) (Engelmayer, D.J.); Hyun v. Ippudo USA Holdings, 14 Civ. 8706 (AJN), 2016 WL 1222347 at *3-*4 (S.D.N.Y. Mar. 24, 2016) (Nathan, D.J.).

However, I cannot recommend that the Court approve the settlement because the sum allocated to attorneys' fees in the Settlement Agreement is excessive and inconsistent with the terms of the settlement set forth in the Faillace Letter. According to the Settlement Agreement, defendants are to pay $22,777.79 to plaintiff and $17,222.21 to plaintiff's counsel (Settlement Agreement ¶ 1).[1] An award of $17,222.21 to plaintiff's counsel, more than 43% of the total settlement, is excessive. See Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.). Furthermore, the Faillace Letter states that plaintiff's counsel will receive $13,333.32 for attorneys' fees and costs (Faillace Letter at 2). Without knowing whether the

---

[1] It appears that there is a drafting error in paragraph 1(b) of the Settlement Agreement. Paragraph 1(b) allocates the entire installment payment of $5,833.33 to attorneys' fees. I suspect the parties intended that $3,888.89 of this installment would go to plaintiff and that only the remainder -- $1,944.44 -- would be allocated to attorneys' fees.

6

parties intend that plaintiff receive $22,777.79 or $26,666.68, I cannot evaluate the reasonableness of plaintiff's net settlement as a percentage of his total alleged damages or his claimed unpaid wages.

Accordingly, for all the foregoing reasons, I respectfully recommend that the Court reject the parties' Settlement Agreement with leave to resubmit within 14 days.

OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the Chambers of the Honorable Andrew L. Carter, Jr., United States District Judge, 40 Foley Square, Room 435, New York, New York 10007 and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Carter. FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.

7

1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:  New York, New York
        September 25, 2019

                                        Respectfully submitted,

                                        /s/ Henry Pitman
                                        HENRY PITMAN
                                        United States Magistrate Judge

Copies transmitted to:

All Counsel